FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 03 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

----------------------------------------x
RAYMOND DIDIA

               Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
*and* CATHERINE M. HEDGEMAN

               Defendant.
----------------------------------------x

Civil Action No. 10 3564

**COMPLAINT AND DEMAND FOR JURY TRIAL**

GLASSER, J.

MANN, M.J.

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

### PARTIES

3. Plaintiff, Raymond Didia, is a natural person residing in Brooklyn, New York.

4. Defendant, Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA"), is a foreign corporation engaged in the business of collecting consumer debts in this state with its principal place of business located at 140 Corporate Boulevard, Norfolk, Virginia. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, Catherine M. Hedgeman, is a natural person employed by Defendant Portfolio Recovery Associates, LLC as a collection attorney having her principal place of business located at 140 Corporate Boulevard, Norfolk, Virginia at all times relevant to this Complaint.

1

6.  Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.  On or about January and February 2010, one of PRA's representatives contacted Plaintiff directly via telephone even though said representative knew that Plaintiff was being represented by counsel. PRA was aware that Plaintiff was being represented by counsel, as Plaintiff's counsel previously filed a formal Answer to the state court debt collection action brought by Defendants. During this telephone conversation, Defendants demanded that Plaintiff make payment to them on the alleged account. When Plaintiff informed Defendants that he was being represented by counsel, PRA's representative asserted, "Yeah, we know something about that," at which time the representative continued to try to coerce Plaintiff to work out some form of payment arrangement, even while expressly acknowledging that Plaintiff had retained counsel. According to the FDCPA, once the consumer has retained counsel, the collector is permitted to maintain communication with the consumer's attorney only and is forbidden from directly contacting the consumer. As a result of this telephone conversation, Plaintiff suffered a tremendous amount of emotional distress, as he began to wonder if hiring counsel would protect him from Defendants' abuse.

8.  Furthermore, in 2009, Plaintiff received a fake Summons and Complaint from Defendants. The document had "DRAFT" marked on it, which alarmed Plaintiff and led him to continually check with the Court to see if he was being sued. As a result, Plaintiff suffered anxiety and a tremendous amount of distress, as he continued to check regularly to see whether or not Defendants had indeed filed a case against him.

9.  On or about February 2010, Plaintiff received a summons from Defendants enclosed in an envelope with the Kings County Civil Court marked as the return address. Defendants fraudulently made Plaintiff believe that the summons was being forwarded from the Kings County Civil Court, which it was not. In reality, the post mark on the envelope, which clearly depicted that said summons was actually forwarded by Defendants, provided evidence that said summons was not from the Court and by Defendants instead. The foregoing act is a violation of the FDCPA because Defendants were imitating judicial process.

10. Defendants' use of the simulated process attempted to render Plaintiff's actual legal process less recognizable and noteworthy as a way to increase the likelihood of a default judgment.

11. By contacting Plaintiff directly and sending out false documents, Defendants used a cumulative approach to try to make it look as if his obtaining counsel would be rendered useless.

12. As a result of the acts alleged above, Plaintiff suffered a great deal of emotional distress, nausea, stress, and anxiety.

## FIRST CLAIM FOR RELIEF

13. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through twelve above.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

15. Defendants violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

16. Defendants violated 15 U.S.C. § 1692c(a)(2) by directly contacting Plaintiff even though Defendants knew that Plaintiff was being represented by an attorney.

17. Defendants violated 15 U.S.C § 1692e by deterring Plaintiff from seeking a defense to Defendants' collection actions.

18. Defendants violated 15 U.S.C. § 1692e(11) by failing to provide the debt collection notice during a telephone conversation with Plaintiff.

19. Defendants violated 15 U.S.C. § 1692e wherein Defendants sent a mass produced letter containing Defendant PRA general counsel's name in the letterhead and a facsimile of her signature at its conclusion, when the attorney reviewed neither Plaintiff's file nor any particular dunning letter.

20. Defendants violated 15 U.S.C. § 1692e(13) by using the false representation or implication that documents were legal process when they were not.

21. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of an alleged debt.

22. Defendant, Catherine M. Hedgeman, violated 15 U.S.C. § 1692e by mailing a false Summons and Complaint to Plaintiff.

WHEREFORE, Plaintiff, Raymond Didia, respectfully requests that judgment be entered against Defendants, Portfolio Recovery Associates, LLC and Catherine M. Hedgeman, for the following:

    A. Declaratory judgment that Defendants' conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

    E.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Raymond Didia, demands trial by jury in this action.

Dated: New York, New York
       August 2, 2010

                            Respectfully submitted,

                            Jason A. Shear
                            SHEAR LAW FIRM, P.C.
                            4160 Harlem Road
                            Buffalo, NY 14226-4421
                            Phone: (716) 566-8988

                            Attorney for Plaintiff

                            */s/ Ana B. Alba*
                            Ana B. Alba (AA4483)
                            ALBA LAW, P.C.
                            110 Wall Street, 11th Floor
                            New York, NY 10005-3817
                            Phone: (212) 859-5080

                            Attorney for Plaintiff

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF KINGS      )

I, RAYMOND DIDIA, the plaintiff, being duly sworn in the within action, have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: Brooklyn, New York
       July 22, 2010

_____
RAYMOND DIDIA

Sworn to before me this

22 day of July, 2010

_____
NOTARY PUBLIC

MARTIN L. EHRLICH
Notary Public, State of New York
No. 01EH6159225
Qualified in Kings County
Commission Expires April 30, 2014